16-2841-cr
*United States v. Brown*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of January, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
                RAYMOND J. LOHIER, JR.,
                CHRISTOPHER F. DRONEY,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,
                        *Appellee*,

            v.                                                              No. 16-2841-cr

ELSA BROWN,
                        *Defendant*,

JULIAN BROWN,
                        *Defendant-Appellant*.

---

For Appellee:              MICHAEL H. WARREN, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:   JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

---

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART** and the case is **REMANDED** for further proceedings.

Defendant Julian Brown appeals from a judgment of the Eastern District of New York (Donnelly, *J.*) entered August 4, 2016, convicting him of conspiracy to commit mail and health care benefits fraud and sentencing him to time served. Brown had pleaded guilty to those offenses on August 12, 2003. We assume the parties' familiarity with the underlying facts, the history of the case, and the issues on appeal.

Brown makes two arguments on appeal. First, he contends that the district court erred in failing to dismiss the charges against him or adjourn sentencing indefinitely due to the delay between his plea and sentencing. Although inordinate sentencing delay can violate the Due Process Clause, *see United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009); *see also Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016), Brown's argument is without merit. When evaluating a defendant's claim that sentencing delay in his case was so extensive that his right to due process was violated, "we 'must consider [1] the reasons for the delay as well as [2] the prejudice to the accused.'" *Ray*, 578 F.3d at 199 (alterations in original) (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977)). Although "a defendant does not bear the burden of seeking [his] own sentencing," *id.* at 191, "[t]o the extent [he] seeks . . . to have [his] conviction vacated and the indictment dismissed, [his] failure, or [his] attorney's failure, to seek more prompt sentencing weighs heavily against [him]," *id.* at 200. Brown, although in communication with his attorney throughout the delay, never requested sentencing, a fact weighing heavily against the remedy of dismissal. Also weighing against dismissal is Brown's failure to show prejudice resulting from the delay. Although he has shown that entry of a final judgment of conviction may cause him substantial harm, he has not demonstrated that imposing sentence now would be prejudicial "in a way that the immediate imposition of sentence would not have [been]." *United States v. Paul*, 634 F.3d 668, 675 (2d Cir. 2011) (quoting *Ray*, 578 F.3d at 201) (internal quotation marks omitted).

Brown next argues that the district court erred in calculating the loss attributable to his fraud. The loss amount calculation contained in the Pre-Sentence Report ("PSR") was based on a series of loss claims for which there were no affidavits or supporting evidence. Declining to rely on the PSR's loss amount figure, the district court concluded that the amount of loss was $15,228, which was the amount Brown received for an insurance claim submitted on October 2, 2000 for a stolen vehicle. However, Brown did not admit to fraud regarding the stolen vehicle during his plea colloquy and the PSR states that the insurer was unable to demonstrate fraud as to this claim. The district court therefore erred by including the $15,228 amount in the loss calculation. *See United States v. Ebbers*, 458 F.3d 110, 128 (2d Cir. 2006) (explaining that "loss must be the result of the fraud" and that "[l]osses from causes other than the fraud must be excluded from the loss calculation").

The government argues that the error was harmless for two principal reasons. The government first contends that the error was harmless because the amount Brown gained from his participation in the scheme may be used as an alternate measure of loss, *see* U.S. Sentencing Guidelines Manual § 2B1.1 cmt. 3(B) (2015), and the actual loss measured in terms of Brown's gain was at least $15,228. As evidence of Brown's gain, the government cites an FBI report memorializing Brown's statement regarding payments he received as part of the scam. However, the FBI report appears not to clearly establish that Brown profited from the scheme in an amount equal to or greater than $15,228.

The government then argues that the error was harmless because even if the loss amount is determined to be less than $15,228 and results in a lower Guidelines range, Brown will still be sentenced to time served. We agree. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009).

However, the district court miscalculated the restitution award. It determined that the $15,228 that Brown received for the insurance claim for the stolen vehicle represented the total loss amount relevant to the restitution award determination. But because the $15,228 amount was not actual loss caused by the conduct comprising the offense of conviction, it does not reflect the appropriate amount of restitution. *See United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 103 (2d Cir. 2014).

Accordingly, we remand this matter to the district court for re-calculation of the restitution award.[1] On remand, the government is restricted in its ability to present new evidence of loss. "[W]here the government knew of its obligation to present evidence [with respect to a restitution award] and failed to do so, it may not enter new evidence on remand." *United States v. Archer*, 671 F.3d 149, 168 (2d Cir. 2011). However, this rule does not apply "(a) where the government's burden was unclear, (b) where the trial court prohibited discussion of the issue, or (c) where the evidence was, for a good reason, unavailable." *Id.* If the government wishes to introduce new evidence relating to restitution, it must first make a threshold showing that one of these exceptions is met, and the district court may then exercise its discretion in deciding whether to hear new evidence. *Id.*

Accordingly, we **AFFIRM** the district court's May 23, 2016 order denying Brown's due process claim, **VACATE** the restitution portion of Brown's sentence, and **REMAND** for recalculation of the restitution award.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] While we remand this matter for re-calculation of the restitution award, since the restitution award was derived from the loss amount—with offsets for monies already paid—the corrected restitution amount (prior to offsets for monies already paid) would also constitute the corrected Guidelines loss amount.

3